Muse, Christopher J., J.
INTRODUCTION
Plaintiffs, Jane and John Doe, filed an appeal with the Bureau of Special Education Administration (“BSEA”) on behalf of their minor daughter (“the student”) against Defendants Mashpee Public Schools (“the school”) and seven school staff members, claiming they collectively failed to provide student services pursuant to 20 U.S.C. 1400 et seq. The Plaintiffs are seeking the enforcement of various subpoenas compelling seven named individuals to testify before the BSEA.[2] For the following reasons, Plaintiffs’ complaint for enforcement is ALLOWED.
BACKGROUND
The court, while deliberately sanitizing some of the underlying events in order to protect the privacy of the student and her family, will give a brief explanation of the facts surrounding the matter before it.
In the fall of 2008, the student was the subject of physical and emotional abuse by a teacher/assistant soccer coach, who was subsequently convicted of various criminal offenses and discharged by the Mashpee Public Schools. Shortly thereafter, the student began to exhibit severe emotional and behavioral problems. In March of 2009, the parents notified the school of the assault. On December 3rd of the same year, the teacher/assistant soccer coach pleaded guilty to the various criminal offenses. Approximately one month later, on January 10, 2010, the student was referred to the St. Vincent CBAT unit where she underwent an evaluation and diagnosis.
On April 23, 2010, Plaintiffs filed a request for an expedited hearing with the BSEA alleging Mashpee violated their rights under the Individuals with Disabilities Education Act (“IDEA”),[3] Section 504 of the Rehabilitation Act of 1973,[4] and the State Special Education Statute.[5] Plaintiffs requested relief in the form of remedial substantive education benefits as well as monetary damages pursuant to various state and federal statutes including Section 504 and 42 U.S.C. §1983 (“Section 1983”). During the subsequent hearing process, the parties resolved the education issue; Plaintiffs fully accepted the school’s proposed Individual Education Plan (“IEP”) in July of 2010. However, the cognizable claim for damages has not yet been resolved and continues before the BSEA.
On January 18, 2011, Defendants filed a motion to dismiss the matter with the BSEA, which was ultimately denied. On September 1, 2011, the administrative hearing officer issued subpoenas to seven witnesses to compel their testimony before the BSEA. One week later, on September 7th, Defendants filed a motion to quash the subpoenas before the BSEA, which was denied the following day. Plaintiffs subsequently filed the complaint to compel enforcement of the subpoenas that is currently before this court as well as a motion for contempt.
On September 9, 2011, Plaintiffs filed suit in the Federal District Court for the District of Massachusetts for relief in the form of money damages pursuant to their claims under the IDEA and Section 504.
DISCUSSION
In their opposition to Plaintiffs’ complaint for enforcement, Defendants allege that the BSEA lacks jurisdiction to conduct this hearing, as there are no remaining educational disputes, and that for this reason Plaintiffs have exhausted the administrative process. Therefore, Defendants argue, the subpoenas issued by the BSEA are invalid. Defendants also claim that they should not be compelled to testify as unrep *574 resented individuals, as this may prejudice their defense in the Federal District Court action.
In response, Plaintiffs restate their claim that they are required by the IDEA to exhaust the available administrative process before continuing with the matter in the Federal Court. Furthermore, they allege that Defendants have no good faith basis to support their refusal to testify, as the law does not recognize any privilege or right to decline to testify as a shield against civil liability. The court agrees.
I. Statutory Requirement of Exhaustion
Although cloaked in a question of whether to enforce various subpoenas, the ultimate issue before this court is whether the administrative hearing currently being conducted by the BSEA must continue until the record is complete, that is, until findings of fact are made as to Plaintiffs’ claims (which may result in money damages) before they may pursue their federal claims. The IDEA guarantees a free and appropriate public education (“FAPE”) to all children with disabilities.[6] The IDEA allows parents to submit formal complaints related to the provision of FAPE, and provides an impartial due process hearing conducted by the appropriate state or local educational agency; the BSEA provides these services in Massachusetts. Plaintiffs’ private right of action for their claim that Defendants have violated the IDEA is supplied by Section 1983.
Under the statutory and regulatory scheme created by the IDEA, any party who is dissatisfied with the outcome of the due process administrative hearing may bring suit in federal or state court. However, this right of action is controlled by the IDEA’S exhaustion provision, which states:
Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under [subchap-ter II of the IDEA], the procedures under subsections (1) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.
Defendants’ argument that the exhaustion provision is inapplicable in the present case, on the grounds that the BSEA has never adjudicated a matter where the substantive educational claims have been previously disposed of, is insufficient to overcome this requirement. As noted by Plaintiffs, the facts in the present case closely mirror those in Frazier v. Fairhaven School Committee,[7] in which the Court of Appeals held that a plaintiff who alleges that local educational officials have violated her right to a free and appropriate public education may not bring suit for money damages under Section 1983 without first exhausting the administrative processes established by the IDEA.
The facts and arguments proffered by Defendants seem to suggest that Plaintiffs’ claims are moot, on the grounds that (1) the student’s IEP has already been established and therefore no substantive education claims remain to be heard and (2) the BSEA does not have jurisdiction to award money damages. This court disagrees. As noted by the court in Frazier, the administrative procedures outlined in the IDEA promote agency efficiency and autonomy, and allow the educational agency, which is equipped with the requisite specialized knowledge, to exercise discretion and correct its own errors.[8] The BSEA’s inability to award money damages to aggrieved parties does not preclude its finding of facts on these issues, as the exhaustion requirement refers to the administrative process itself not to the available forms of administrative relief.
Additionally, as the Frazier decision specifically notes, the exhaustion requirement is beneficial despite the fact that Plaintiffs seek a form of relief not offered by the current administrative process, as it “facilitates the compilation of a fully developed record by a factfinder versed in the educational needs of disabled children — and that record is an invaluable resource for a state or federal court required to adjudicate a subsequent civil action covering the same terrain.”[9]
This court finds further reason to conclude that Plaintiffs’ claims before the BSEA are not moot. Although Plaintiffs have fully accepted the school’s current IEP, these plans are periodically reviewed and changes may be made where appropriate. Additionally, the student has not yet reached the age where the school is relieved of its duties to her under the IDEA, and, even after graduation, compensatory education is an available remedy. As such, the possibility that Plaintiffs’ substantive education claims may at some point be revived renders the matter justiciable, notwithstanding the currently accepted IEP. Therefore, Defendants’ allegation that the claims before the BSEA have become futile is found to be unsupported.
Mashpee has raised valid concerns regarding the burden of litigating matters which have some indicia of mootness. However, its concern that Plaintiffs have engaged in a “fishing expedition” may be overstated. The BSEA hearing officer has the responsibility (likely welcomed) to assure that unnecessary time consuming or cumulative evidence is excluded. Stipulations of fact by Mashpee and/or the Plaintiffs can lighten the hearing burden. The BSEA is assuredly aware that removing teachers and administrative staff from their duties to the school system, in order to participate in the hearing, can be sensitively balanced with the need to present relevant testimony for matters material to issues before it.
Finally, and perhaps most importantly, the BSEA itself has declared its authority to retain jurisdiction *575 over IDEA claims that seek relief in the form of money damages. Although the IDEA requires impartial due process hearings, as noted by the court in Frazier, “Congress left the details of those proceedings to the states.”[10] Nothing in the Massachusetts state scheme suggests that the BSEA is barred from the adjudication of special education disputes in which a plaintiff seeks only money damages. This is further evidenced by the fact that Defendants’ attempts to quash these subpoenas, by way of motion before the BSEA and by way of injunction before the Federal Court, have been successively denied.
Thus, despite Defendants’ valiant attempts to overcome a clear and conspicuous order to appear before the BSEA and participate in the agency’s ongoing hearing, Plaintiffs’ complaint for enforcement to compel witnesses to testify is ALLOWED.
II. Request for Sanctions
Additionally, Plaintiffs allege that because Defendants have stated no good faith basis for their refusal to testify, and because of their repeated litigation of this issue, which has been determined to be without merit by both the BSEA and the Federal District Court, sanctions are warranted pursuant to M.G.L. §231, 6F. While this court finds Defendants’ arguments to be insufficient to overcome the complaint for enforcement, sanctions are an extraordinary remedy. The court finds no evidence that Defendants acted with particular malice nor has there been a clear attempt to intentionally and wrongfully interfere with Plaintiffs’ rights. In fact the issue before the court is fairly novel and Defendants presented compelling arguments, albeit unsuccessful, in support of their motion to quash.
Thus, Plaintiffs’ motion for sanctions is DENIED.
ORDER
For the foregoing reasons, Plaintiffs’ complaint for enforcement to compel witnesses to testify is ALLOWED, and Plaintiffs’ motion for contempt and for sanctions is DENIED.

Plaintiffs’ motion for contempt is premature and, thus DENIED.

 20 U.S.C. §1400 et seq.

 29 U.S.C. §794.

 M.G.L.c. 71B.

 20 U.S.C. §1400(d)(l)(A).

 276 E.3d 52 (1st Cir. 2002).

 Id. at 60.

 Id. at 61.

 276 F.3d 52 at 63 (1st Cir. 2002).